**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESTWOOD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN E & S INSURANCE COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO. 10-3605 (MLC) <br><br> **O P I N I O N** |

**IT APPEARS**, as detailed in the Court's Order to Show Cause, dated March 15, 2013, that the plaintiff, Westwood Products, Inc. ("Westwood"), is a defendant in an action pending before the Ontario Superior Court of Justice ("the Canadian Action"). (See dkt. entry no. 68, 3-15-13 Order to Show Cause ("OTSC") at 1.) Westwood brings this action against the defendants, Great American E & S Insurance Company ("the Insurer") and Norman Spencer McKernan Agency ("the Insurance Agent") seeking a judgment: (1) declaring that the Insurer is obligated to defend and indemnify Westwood in the Canadian Action; and (2) holding the Insurance Agent liable for any defense costs and indemnification not provided by the Insurer. (See id. at 2.)

**THE COURT** earlier ordered the parties to show cause why this action should not be either stayed and administratively terminated, or dismissed. (See generally id. at 3-8.) The Court noted in the

3-15-13 OTSC that the proposed courses of action were supported by the principles underlying the Wilton-Brillhart abstention doctrine, principles of international comity, and the Court's inherent power to control the docket.  (See id. at 3-6.)

**WESTWOOD** has responded to the 3-15-13 OTSC, indicating that it does not oppose a stay of this action while it proceeds: (1) in state court, seeking declaration that the Insurer must defend it in the Canadian Action; and (2) in the Ontario Superior Court of Justice, defending itself against in the Canadian Action.  (See dkt. entry no. 69, Westwood Response, at 1, 5-6, 8-9.)  It appears that Westwood has, since filing its response to the 3-15-13 OTSC, commenced an action in the New Jersey state court system.  (See id. at 5-6 (referencing action brought before the New Jersey Superior Court, Middlesex County ("State Court"), at number L-002320-13 ("the State Court Action").)

**THE INSURER** has also responded to the 3-15-13 OTSC.  (See dkt. entry no. 70, Insurer Response.)  The Insurer does not oppose a stay of this action, insofar as it concerns the Insurer's duty to indemnify Westwood in the Canadian Action.  (See id. at 2 (stating that it is "eminently sensible" to refrain from adjudicating that issue).)  But the Insurer's support for a stay of this action, insofar as it concerns the Insurer's duty to defend Westwood in the

Canadian action, is conditioned on its request that this Court enjoin prosecution of the State Court Action. (See id. at 2-3.)

**THE INSURANCE AGENT** has not responded to the 3-15-13 OTSC, and is thus deemed to unconditionally support a stay of this action. (See 3-15-13 OTSC at 7.)

**THE COURT** has considered the responses filed by both Westwood and the Insurer. Because it appears that neither these parties nor the Insurance Agent meaningfully oppose a stay of this action, the Court will enter a separate order, staying and administratively terminating this action. The Court notes for the benefit of the parties that such an administrative termination is not equivalent to a dismissal of the Complaint with prejudice. See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating that administrative termination "permits reinstatement and contemplates the possibility of future proceedings," and "does not purport to end litigation on the merits").

**THE COURT**, in staying the action, will not entertain the Insurer's informal request to enjoin prosecution of the State Court Action. The Insurer has not properly moved for relief. See, e.g., L.Civ.R. 7.1. Moreover, the Insurer has failed to persuade the Court that a federal district court may, in the circumstances presented here, enjoin state court proceedings. (See Insurer Response at 2-3.) Contra 28 U.S.C. § 2283 ("A court of the United

3

States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Nongard v. Burlington Cnty. Bridge Comm'n, 229 F.2d 622, 625 n.2 (3d Cir. 1956) (noting that § 2283 language referencing district court's authority to enjoin state proceedings "in aid of its jurisdiction" merely "make[s] clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts.").  Further, "[t]here is nothing necessarily inappropriate . . . about filing a protective action." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005) (citing with approval Gov't of V.I. v. Neadle, 861 F.Supp. 1054, 1055 (M.D. Fla. 1994), which stayed action brought by plaintiffs "to protect themselves" against chance that identical action, brought in a different district court, was dismissed for lack of jurisdiction).  If the Insurer wishes to enjoin prosecution of the State Court Action, then the Insurer should take appropriate action before the State Court.

                                               s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Date:    April 25, 2013